Steinborn v. Steinborn.

---

No. 20,486.

DAVID STEINBORN, *Appellant,* V. JOHN STEINBORN et al., *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Mistake—Will Corrected by Action—Settlement Between Heirs —Action to Enforce Settlement—Petition States Cause of Action.* A will by its literal terms left a tract of land owned by the testatrix un-disposed of. After administration and final settlement certain of the heirs contracted with the others to pay them certain sums of money as soon as the former should obtain a clear title to the land, the latter to pay one-half the cost of getting a clear title. Pursuant to this contract a suit was brought to correct the will according to the testatrix's alleged intention and so as to devise the land to the plaintiffs in such suit—the defendants here. The plaintiff herein made no defense to such suit and the defendants took a decree as prayed for and have ever since been in possession of the land, claiming title thereto, which the plaintiff herein concedes, and about two years before this action was begun paid $100 on his claim. *Held,* that the amended petition alleging the foregoing facts stated a cause of action and the demurrer thereto was wrongfully sustained.

2. SAME—*Correction of Will—Jurisdiction of District Court—Beneficiaries of Judgment Bound Thereby.* Whether or not the court in the suit to correct the will rightfully decreed such correction, it had jurisdiction to decide the issues tendered by the plaintiffs therein, and having chosen this means of perfecting their title and accepted the benefits of the decree, they can not now be heard to assert its invalidity as against the plaintiff's claim for the remainder of the amount which they contracted to pay him.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed December 9, 1916. Reversed.

*C. Vincent Jones,* of Clay Center, for the appellant.

*W. T. Roche,* of Clay Center, for the appellees.

The opinion of the court was delivered by

WEST, J.: In 1899 Anna Steinborn made a will by which she gave certain small bequests to some of her children and undertook to devise to Louisa, August and John certain real estate.

The will was probated in 1902, the estate was fully administered and final settlement was made in 1904. It appears that literally construed the will covered certain land not owned by the testatrix and omitted about ninety-nine acres which she did own, so if the instrument be so taken the latter amount of land was left undisposed of by the will and descended to her heirs. In 1905 Louisa, August and John entered into a contract with the other children, David, Charlie and Anna, by the terms of which the latter were to be paid $2195—$795 to David, $700 to Charlie and $700 to Anna—such payments to be made as soon as the promisors should obtain a clear title to the land, the promisees to pay one-half the cost of getting such clear title, the first parties to have the choice of paying these sums in cash or in bankable notes at six per cent. The amended petition of the plaintiff, David Steinborn, set out the foregoing facts and a copy of the contract and alleged that Louisa, John and August instituted an action in the district court in which the plaintiff and his brother and sister were the defendants, in which they made default and which resulted in quieting the title to the land in the plaintiffs in that action, and that such proceedings did divest the plaintiff of his interest in the land and vest it in the plaintiffs therein, that they had failed to pay his $795 less his portion of the court costs, except $100 paid in the spring of 1914, that ever since the making of such contract the plaintiffs therein have been in possession, claiming ownership of the land, and prayed judgment and a lien for the balance of the $795 with interest.

The suit known as case No. 5031 set up a mistake in the description in the will and asked for its correction in accordance with the intention of the testator, the petition therefor being verified by August Steinborn, and the decree was entered March 14, 1906, in accordance with the prayer of the petition. The abstract states that in the trial of this case all of the papers and proceedings in case No. 5031 were considered by the district court as sufficiently pleaded and were examined and considered on the demurrer. The court sustained a demurrer to the amended petition and from this ruling the plaintiff appeals.

It seems that at the succeeding term leave was asked to redocket the case for further orders, which was denied, and an attempt is made to dismiss the appeal on account thereof, but

Steinborn v. Steinborn.

as the appeal seems to have covered all adverse rulings it will not be dismissed.

On the part of the defendants it is urged that the court had no jurisdiction to change the will after it had been probated and that its attempt to do so and the decree were and are without legal force and effect, and hence their title has not been perfected and the amount promised the plaintiff has never become due or payable. Plaintiff responds that the result of the former suit was in effect to quiet the title to the land against the plaintiff in favor of the defendants who have ever since been in possession claiming ownership, and treating the matter as the quieting of their title, and hence they can not be heard to assert its invalidity or ineffectuality.

Much discussion is had as to the distinction between correcting and changing a will which need not be considered for the reason that the case turns on another matter.

The court had jurisdiction of case No. 5031 and whether or not it properly changed the will so as to vest the plaintiffs therein with the title they desired, the decree undertook so to do and has never been appealed from, and the beneficiaries thereof can not be heard now to assert its invalidity as a defense to their obligation to the heirs against whom such decree was taken.

The contract to pay as soon as clear title to the land should be obtained, the alleged recognition of this obligation by the payment of $100 thereon two years before this action was brought, with the defendants' alleged claim of full title, conceded by the plaintiffs, and their continued possession of the land under such claim, in the absence of anything to the contrary, makes out a case for the plaintiff for the amount unpaid on his claim.

The judgment sustaining the demurrer to the amended petition is reversed and the cause is remanded for further proceedings in accordance herewith.